IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:10-CR-31-FL-1
NO. 7:16-CV-146-FL

| | |
|---|---|
| TONY ANTHONY McNEIL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 63), which challenges petitioner's conviction for possessing a firearm in furtherance of a crime of violence in light of the United States Supreme Court's rulings in Johnson v. United States, 135 S. Ct. 2551 (2015) and United States v. Davis, 139 S. Ct. 2319 (2019). For the reasons that follow, petitioner's motion is denied.

## BACKGROUND

On June 2, 2010, petitioner pleaded guilty, pursuant to a written plea agreement, to armed bank robbery and aiding and abetting same, in violation of 18 U.S.C. §§ 2113(a), (d), and 2 (count two), and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (count three). On September 24, 2010, the court sentenced petitioner to 18 months' imprisonment on count two and a consecutive term of 84 months' imprisonment on count three, producing an aggregate custodial sentence of 102 months.

On June 13, 2016, petitioner filed the instant motion to vacate, set aside, or correct sentence, asserting that his § 924(c) conviction should be vacated in light of Johnson. On August

1, 2016, respondent moved to stay the § 2255 proceedings pending the United States Court of Appeals for the Fourth Circuit's resolution of United States v. Simms, 914 F.3d 229 (4th Cir. 2019). The court granted the motion to stay on August 2, 2016. The Fourth Circuit decided Simms on January 24, 2019, but stayed the mandate pending the Supreme Court's decision in United States v. Davis, No. 18-431. The Supreme Court decided Davis on June 24, 2019.

On July 19, 2019, the court lifted the stay and directed petitioner to file supplemental briefing addressing the effect of Simms and Davis on petitioner's claim. Petitioner did not respond to the court's order.

## DISCUSSION

A.   Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.   Analysis

Pursuant to 18 U.S.C. § 924(c), a person convicted of using and carrying a firearm "during and in relation to any crime of violence or drug trafficking crime" is subject to a mandatory minimum punishment of five years' imprisonment for the first conviction. 18 U.S.C. § 924(c)(1). The sentence shall run consecutive to any sentence imposed for the predicate crime of violence or

2

drug trafficking crime.  Id. § 924(c)(1)(A).  Section 924(c)(3) defines crime of violence as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "force clause"], or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"].

Id. § 924(c)(3)(A)-(B).

Davis and Simms held that § 924(c)(3)(B) is unconstitutionally vague, thereby rendering invalid § 924(c) convictions based on the residual clause definition of crime of violence.  Davis, 139 S. Ct. at 2336; Simms, 914 F.3d at 237.  The Davis and Simms decisions, however, do not call into question the constitutionality of § 924(c)(3)(A).  Thus, if petitioner's predicate offense qualifies as a crime of violence under subsection (c)(3)(A) (the force clause), his conviction remains valid.  See United States v. Mathis, 932 F.3d 242, 263-64 (4th Cir. 2019).

Petitioner's predicate offense is armed bank robbery in violation of 18 U.S.C. § 2113, and the Fourth Circuit has held that this offense qualifies as a crime of violence under § 924(c)'s force clause.  See United States v. McNeal, 818 F.3d 141, 153 (4th Cir. 2016) (holding "bank robbery under § 2113(a) constitutes a crime of violence under the force clause of § 924(c)").  Accordingly, petitioner's § 924(c) conviction remains valid, notwithstanding Davis and Simms.

C. Certificate of Appealability

Having determined that petitioner is not entitled to relief, the court turns to whether a certificate of appealability should issue.  A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The

3

petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, petitioner's motion to vacate (DE 63) is DENIED, a certificate of appealability is DENIED, and the clerk is DIRECTED to close the instant § 2255 proceedings.

SO ORDERED, this the 4th day of November, 2020.

LOUISE W. FLANAGAN
United States District Judge

4

Case 7:10-cr-00031-FL   Document 77   Filed 11/04/20   Page 4 of 4